UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    v.

TOWN OF RAMPO, NEW YORK, RAMAPO
LOCAL DEVELOPMENT CORP, et al.,

        Defendants,

------------------------------------------x

16 Civ. 2779 (CS)

## JUDGMENT AS TO DEFENDANTS TOWN OF RAMAPO AND RAMAPO LOCAL DEVELOPMENT CORP.

The Securities and Exchange Commission having filed a Complaint and Defendant Town of Ramapo ("Defendant Town") and Ramapo Local Development Corp. ("Defendant RLDC"), having entered a general appearance; consented to the Court's jurisdiction over Defendants Town and RLDC and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment, all pursuant to a Consent executed on September 7, 2017 (the "Consent"):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Town and RLDC are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

KL3 3138626.2

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Town and RLDC or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Town and RLDC are permanently restrained and enjoined from violating Section 17(a)(1)(2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(1)(2) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

2

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Town and RLDC or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein, including but not limited to, the undertakings to:

    i. retain an Independent Consultant with municipal finance experience (the "Independent Consultant") appointed by the Court to review and recommend improvements to the Town's and RLDC's financial reporting procedures and controls, as well as to municipal securities offerings disclosure policies and procedures. The Town and RLDC will recommend and submit to the Court three proposed Independent Consultant candidates that are not unacceptable to the Securities and Exchange Commission (the "SEC") staff. The Court will appoint an Independent Consultant from these three candidates or from any other candidates that the Court chooses to consider.

1. After the Independent Consultant is appointed, it shall have 120 days to issue a report recommending improvements to the Town's and RLDC's financial reporting procedures and controls, as well as to municipal securities offerings disclosure policies and procedures. The Town and RLDC will adopt all recommendations contained in the Independent Consultant's report within 60 days of that report, provided, however, that within 30 days of the report, the Town and RLDC shall advise the Independent Consultant and SEC staff in writing of any recommendations that the Town or RLDC believes are unnecessary, impractical, unduly burdensome, or outside the scope of this Judgment, and the bases for the Town's and/or RLDC's objections. The Town and RLDC may propose alternative procedures, controls, and policies that they believe will achieve the objectives of the Independent Consultant's recommendations. The Town, RLDC and the Independent Consultant shall engage in good-faith negotiations concerning any objection raised by the Town and RLDC, but if the Town, RLDC and Independent Consultant are unable to come to agreement within 30 days, the Town and RLDC shall be required to adopt the Independent Consultant's recommendations to which they object. For two full fiscal years thereafter, the Independent Consultant shall review and assess the sufficiency of the Town's and RLDC's implementation of the Independent Consultant's recommendations.

The Independent Consultant shall, within thirty days after the end of the first full fiscal year thereafter, issue an interim report regarding the sufficiency of the Town's and RLDC's implementation of the recommendations, and, further, shall, within thirty days after the end of the second full fiscal year thereafter, issue a final report regarding the sufficiency of the Town's and RLDC's implementation of the recommendations.

2. In addition, the Independent Consultant may, upon motion, seek authority from the Court to engage and employ persons in its discretion to assist in carrying out its duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, financial or business advisors, and forensic experts.

3. Defendants shall cooperate fully with the Independent Consultant in the discharge of the Independent Consultant's responsibilities. Defendants shall provide all information requested by the Independent Consultant reasonably relevant to Defendants' financial reporting procedures and controls and municipal securities offerings disclosure policies and procedures.

4. The Independent Consultant, in undertaking its Court ordered appointment, shall agree that, for the period of the engagement and for a period of two years from completion of the engagement, the Independent Consultant shall not enter into any employment, consultant, attorney-client, auditing, or other

professional relationship with Defendants, or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such. The Independent Consultant will require that any firm with which it is affiliated or of which it is a member, and any person engaged to assist it in performance of its duties under this Consent shall not, without prior written consent of the Court, enter into any employment, consultant, attorney-client, auditing, or other professional relationship with Defendants, or any of their present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years from completion of the engagement.

5. Defendants shall provide reasonable compensation to the Independent Consultant relating to fees and expenses, as agreed to by the parties. The Independent Consultant's fees and expenses will be submitted to the Court for approval and the Independent Consultant's proposed fees and expenses will be first reviewed for reasonableness by the Town, RLDC, and SEC staff before the Independent Consultant submits them to the Court.

ii. For fiscal years 2017, 2018, and 2019 (FY2017, FY2018, FY2019), retain an Independent Auditing Firm (the "Independent Auditing Firm"), that is not unacceptable to the SEC staff, to conduct

audits of the Town's and RLDC's annual financial statements for those fiscal years.

1. Defendants shall cooperate fully with the Independent Auditing Firm in the discharge of the Independent Auditing Firm's responsibilities. Defendants shall provide all information requested by the Independent Auditing Firm reasonably relevant to Defendants' financial reporting and accounting internal controls, policies, and procedures.

2. The Independent Auditing Firm shall enter into an agreement with Defendants providing that, for the period of the engagement and for a period of two years from completion of the engagement, the Independent Auditing Firm shall not enter into any professional relationship with Defendants, or any of their present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such, other than as described herein. The agreement will also provide that the Independent Auditing Firm will require that any firm with which it is affiliated or of which it is a member, and any person engaged to assist it in performance of its duties under this Consent shall not, without prior written consent of the Court, enter into any employment, consultant, attorney-client, auditing, or other professional relationship with Defendants, or any of their present or former affiliates, subsidiaries, directors, officers, employees, or

        agents acting in their capacity as such for the period of the engagement and for a period of two years from completion of the engagement.

iii.    For a period of three years from the date of the entry of the Judgment, not participate in the offer and sale of any municipal securities for which Defendants are issuers or obligated persons unless Defendants have, prior to each such offering retained an Independent Disclosure Counsel for each such offering ("Independent Disclosure Counsel") not unacceptable to the SEC staff and which is also unaffiliated with the bond counsel retained for such offering. The Independent Disclosure Counsel shall participate in the preparation of the disclosure document for the offering, assist the Defendants in performing a reasonable investigation concerning the accuracy and completeness of that disclosure document, and render an opinion to the effect that during its work, nothing came to its attention that would cause the firm to believe that the disclosure document contains as of the date of the opinion, any untrue statement of a material fact or omits to state any material fact necessary to make the statements made therein, in light of the circumstances under which they were made, not misleading, including the disclosure therein of the terms of the Judgment in this case.

    1.    Defendants shall cooperate fully with the Independent Disclosure Counsel for each such offering in the discharge of the Independent Disclosure Counsel's responsibilities. Among other

things, Defendants shall provide all information requested by the Independent Disclosure Counsel reasonably relevant to efforts to make any preliminary and final offering documents for such offering accurate and complete, and ensure that the terms of the Judgment are disclosed in any such offering documents.

2. The Independent Disclosure Counsel shall enter into an agreement with Defendants providing that, for the period of engagement and for a period of two years from completion of the engagement, the Independent Disclosure Counsel shall not enter into any employment, consultant, attorney-client, auditing, or other professional relationship with Defendants (except acting as independent disclosure counsel for another bond offering by Defendants), or any of their present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such. The agreement will also provide that the Independent Disclosure Counsel will require that any firm with which it is affiliated or of which it is a member, and any person engaged to assist it in performance of its duties under this Consent shall not, without prior written consent of the Court, enter into any employment, consultant, attorney-client, auditing, or other professional relationship with Defendants, or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such for the period of the

engagement and for a period of two years from completion of the engagement (except to the extent the relationship relates to the engagement of the Independent Disclosure Counsel for another bond offering by Defendants).

iv. Defendants' obligations set forth in paragraph III (i)-(iii) of this Judgment and the accompanying Consent shall, for purposes of the undertakings in paragraphs III (i) and (iii), automatically terminate upon the expiration of 3 years from the date on which the Court enters the Judgment; and shall, for purposes of the undertaking in paragraph III (ii), automatically terminate upon the issuance by the Independent Auditing Firm of an audit report regarding the financial statements for FY 2019; subject in each case to the provisions of the next sentence. If (a) the SEC staff within 30 days after an undertaking described above would otherwise terminate informs Defendants that there is good cause shown, defined as Defendants' failure to comply with their obligations set forth in paragraph III (i)-(iii) of this Judgment and the accompanying Consent with respect to that undertaking (the "Notice Requirement"), (b) Defendants do not cure any such failure within 90 days thereafter (the "Opportunity to Cure Requirement"), and (c) the Court finds following an evidentiary hearing that there is good cause shown and the Notice Requirement and the Opportunity to Cure Requirement have been satisfied and Defendants have failed to cure, the Court may extend the term of any of Defendants' obligations set forth in paragraph III (i)-(iii) of this Judgment and the

accompanying Consent with which Defendants failed to comply for the period necessary for Defendants to remedy that failure.

v. Upon the expiration of 3 years from the date on which the Court enters the Judgment, each Defendant shall certify, in writing, its compliance with the undertakings set forth above, provided that if the Court, pursuant to paragraph III(iv) above, has extended the term of any undertaking in paragraphs III(i), (ii) or (iii), such certification with respect to that undertaking shall be made upon the expiration of such extended term for that undertaking. Each certification shall identify the undertaking(s), provide a written narrative explaining Defendant's compliance, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendants agree to provide such evidence. Defendants shall submit the certifications and supporting material to Sanjay Wadhwa, Assistant Regional Director, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the expiration of the undertakings.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____11/17_____, 2017                    _____Cathy Seibel_____
                                                UNITED STATES DISTRICT JUDGE