UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

TOWN OF RAMPO, NEW YORK, RAMAPO
LOCAL DEVELOPMENT CORP, et al.,

        Defendants,

------------------------------------------x

16 Civ. 2779 (CS)

## FINAL JUDGMENT AS TO DEFENDANT CHRISTOPHER P. ST. LAWRENCE

**WHEREAS** on April 14, 2016, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action by filing a Complaint against Defendant Christopher P. St. Lawrence ("Defendant St. Lawrence").

**WHEREAS** Defendant St. Lawrence having entered a general appearance, filed an answer dated August 31, 2016 consenting to the Court's jurisdiction over Defendant St. Lawrence and the subject matter of this action.

**WHEREAS** on May 10, 2018, the Court granted the Commission's motion for summary judgment against Defendant St. Lawrence, finding that Defendant St. Lawrence committed 14 civil violations of the federal securities laws, imposing permanent injunctions against Defendant St. Lawrence, finding that a second-tier civil penalty was appropriate but reserving decision on the exact amount to provide Defendant St. Lawrence with the opportunity to provide additional information in the form of a sworn financial affidavit.

**WHEREAS** on September 28, 2018, the Court ordered that Defendant St. Lawrence was liable for a civil penalty of $327,000 (Three Hundred and Twenty-Seven Thousand Dollars):

KL3 3138626.2

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant St. Lawrence is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant St. Lawrence's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant St. Lawrence or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant St. Lawrence is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)] in the offer or sale of any

security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant St. Lawrence's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant St. Lawrence or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant St. Lawrence is permanently prohibited from participating in any offering of municipal securities, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any municipal security.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant St. Lawrence shall pay a civil penalty in the amount of $327,000 (Three Hundred and Twenty-Seven Thousand Dollars) to the Securities and Exchange Commission pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant St. Lawrence shall make this payment within 30 days after entry of this Final Judgment.

Defendant St. Lawrence may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant St. Lawrence may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made by Defendant St. Lawrence pursuant to this Final Judgment.

Defendant St. Lawrence shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant St. Lawrence relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant St. Lawrence shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

4

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: __10/22__, 2018          _____Cathy Seibel_____
                                UNITED STATES DISTRICT JUDGE